**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT<br><br>Plaintiff,<br><br>v.<br><br>BROADCOM INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED<br><br>Defendants. | CIVIL ACTION NO. 2:26-cv-00775<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

Plaintiff, Bayerische Motoren Werke Aktiengesellschaft ("BMW AG"), hereby files this Complaint against Defendants, Broadcom Inc. ("BI") and Avago Technologies International Sales PTE. Limited ("Avago") (collectively, "Broadcom"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement of U.S. Patent Nos.: 7,835,389 ("the '389 Patent"); 7,936,778 ("the '778 Patent"); and 9,137,672 ("the '672 Patent") (collectively, "patents-in-suit").

2. Avago is the record owner of the patents-in-suit, and BI is Avago's parent company.

3. Since 2025, Broadcom has engaged in a coordinated campaign to compel BMW AG to renew its license at a royalty rate many times more than the amount that BMW AG previously paid. When negotiation reached an impasse, Avago sued BMW AG in Munich,

Germany on the European counterparts of the ’389 Patent and the ’672 Patent, and threatened BMW AG with more lawsuits.

4. BMW AG does not infringe and has not infringed the patents-in-suit, and accordingly seeks a declaratory judgment of noninfringement.

## PARTIES

5. Plaintiff BMW AG is a company organized and existing under the laws of Germany with a principal place of business at Petuelring 130, 80809 Munich, Germany.

6. On information and belief, Defendant BI is a Delaware corporation with an established place of business at 5465 Legacy Drive, Plano Texas 75024.

7. On information and belief, Defendant Avago is a limited company registered in Singapore with a principal place of business at 1 Yishun Avenue 7, Singapore 768923.

## BACKGROUND OF THREATENED LITIGATION

8. BMW AG is a leading manufacturer of premium vehicles. BMW AG operates over 30 production sites around the world and a global sales network. Since its founding over a century ago, BMW AG has become a global leader in vehicle innovation, luxury, and engineering.

9. On information and belief, in 2015, Avago acquired Broadcom Corporation in a transaction valued at approximately $37 billion, and formed Broadcom Limited. In 2018, based on information and belief, Broadcom Limited became Broadcom Inc.

10. On information and belief, Avago is a wholly owned subsidiary of BI.

11. In October 2020, BMW AG entered into a patent license agreement with Avago. Consistent with Broadcom’s practice and corporate structure, this 2020 license agreement listed Avago as the grantor of the patent license and specifically listed BI as a defined “AFFILIATE” of Avago. By its terms, the agreement expressed coverage of patent disputes between BMW AG,

Avago, and Avago's "AFFILIATES," which, again, the agreement expressly defined to include BI. This license agreement also covered Broadcom's global patent portfolio, including Broadcom's U.S. patent portfolio. This agreement has now expired.

12. Since 2025, Broadcom has engaged in efforts to cause BMW AG to enter into a renewed license agreement covering Broadcom's global patent portfolio.

13. For example, in July 2025, Broadcom wrote to BMW AG, on Broadcom's own letterhead, about the above 2020 patent license agreement. Then, in October 2025, Broadcom sent BMW AG a presentation entitled "Broadcom Patent Licensing Proposal." Broadcom also sent terms that would have forced BMW AG to pay for and take a "worldwide patent license" covering all patents owned by Broadcom. In its communications with BMW AG, Broadcom referred to this global patent portfolio – the patent portfolio that Avago would purportedly license – as "Broadcom's Patent Portfolio." Broadcom's offer, however, included a multiple-fold increase in the royalty rates compared to the 2020 patent license agreement. BMW AG gave a counteroffer, but Broadcom did not accept that offer.

14. In January 2026, Broadcom sent BMW AG a list of patents that Broadcom identified as relevant to BMW AG, with Broadcom stating that its analysis was "ongoing." One of the patents included in this list was the '778 Patent, which Broadcom labeled an "Exemplary Patent."

15. As discussions continued, Broadcom accused BMW AG of infringing patents directed to technologies used in BMW AG's vehicles. These technologies allegedly include automotive Ethernet and Wi-Fi technologies (e.g., Wi-Fi 5 and Wi-Fi 6) used in BMW AG's vehicles. More specifically, Broadcom accused BMW AG's vehicles of infringing U.S. patent rights that Broadcom proposed licensing to BMW AG.

16. In March and June 2026, Broadcom sent BMW AG at least six "infringement presentations." Each "infringement presentation" concerns a "patent family" that Broadcom proposed including in its license. Each of these patent families includes at least one U.S. patent, i.e., a U.S. counterpart to a non-U.S. patent within the corresponding patent family. And each "infringement presentation" purports to identify BMW AG vehicles that Broadcom contends practice at least one asserted patent claim.

17. With regard to the patents-in-suit, Broadcom contends, based on information and belief, that BMW AG infringes each of these patents.

18. As to the '389 Patent, Broadcom sent BMW AG, in March 2026, a so-called "infringement presentation" for a counterpart of the '389 Patent. This infringement presentation identified an "Infringed Claim" and identified an "Infringing Product" of BMW AG that allegedly infringes this claim. This presentation also listed the '389 Patent. At least claim 1 of the '389 Patent is nearly identical to the example patent claim identified as the infringed claim in this infringement presentation. Then, in June 2026, Avago sued BMW AG in Munich, Germany, alleging BMW infringes the European counterpart patent of the '389 Patent (Landgericht München I, Docket No. 7 O 5786/26).

19. As to the '778 Patent, Broadcom sent BMW AG, in March 2026, a so-called "infringement presentation" for the '778 Patent itself. This infringement presentation identified an "Infringed Claim" and identified an "Infringing Product" of BMW AG that allegedly infringes this claim of the '778 Patent. Broadcom thus accused BMW AG, including products of BMW AG, of infringing at least one claim of the '778 Patent.

20. As to the '672 Patent, Broadcom sent BMW AG, in June 2026, a so-called "infringement presentation" for a counterpart of the '672 Patent. This infringement presentation

identified an "Infringed Claim" and identified an "Infringing Product" of BMW AG that allegedly infringes this claim. This presentation listed the '672 Patent. At least claim 1 of the '672 Patent is nearly identical to the example patent claim identified as the infringed claim in this infringement presentation. Further, in August 2026, Avago sued BMW AG and its affiliate company BMW M GmbH, alleging infringement of the European counterpart patent of the '672 Patent (Landgericht München I, Docket No. 21 O 7936/26).

21. Broadcom has continued to accuse BMW AG of patent infringement, of needing a license to the "Broadcom patent portfolio," and of needing another patent license agreement with BI and Avago.

## JURISDICTION AND VENUE

22. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and under the Patent Laws of the United States, 35 U.S.C. § 1, et seq. An actual case or controversy exists between BMW AG and Defendants within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201 because BI and Avago, through a coordinated licensing and enforcement campaign, have accused BMW AG of infringing the patents-in-suit. As discussed below, BMW AG does not infringe and has not infringed the patents-in-suit.

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

24. BI's website at https://www.broadcom.com/company/contact/locations (last visited in August 2026) states that this website is for "Broadcom Inc. and/or its subsidiaries." This website lists several Broadcom "locations," including the one in Plano, Texas at 5465 Legacy Drive, Plano Texas 75024, which is in this District. On information and belief, BI has employees at this location in this District, directly or through its subsidiaries.

25. For example, through BI's website, BI, upon information and belief, posts jobs available at its office in Plano, Texas. These job postings specifically refer to "Broadcom's office in Plano, TX." Also, current employees in Plano, Texas publicly identify themselves as employees of BI.

26. This Court has personal jurisdiction over BI in this action because BI, as provided for on its website, has a regular and established place of business in this District, sells products from or in this District, and directs its activities to customers in Texas. BI has established minimum contacts with this forum such that the exercise of jurisdiction over BI comports with traditional notions of fair play and substantial justice.

27. This Court also has personal jurisdiction over Avago under due process and/or the Texas Long Arm Statute because Avago has sufficient minimum contacts and has purposefully availed itself of this forum. Avago's forum-specific contacts relate to the patents-in-suit: Avago is the record owner of the patents-in-suit that BI, directly or through its subsidiaries, seeks BMW AG to license; Avago is the grantor of the 2020 patent license that Defendants now seek to renew; and Avago, jointly with BI, conducts, and continues to jointly conduct, the coordinated licensing and enforcement campaign directed at BMW AG. Avago has also purposefully availed itself of this District by suing here as a co-plaintiff in *CA, Inc. and Avago Technologies International Sales Pte. Limited v. Netflix, Inc.*, No. 2:21-cv-00080 (E.D. Tex. 2021) ("Avago EDTX Litigation"). These contacts establish minimum contacts with this forum, and exercising jurisdiction over Avago comports with due process.

28. Venue is proper in this District under 28 U.S.C. § 1391 because this Court has personal jurisdiction over each Defendant and a substantial part of the events giving rise to this action occurred in this District, including BI having a regular and established place of business in

this District, and Avago's prior enforcement of patent rights in this District. Because Avago is a Singapore entity, it may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

**PATENTS-IN-SUIT**

29. On November 16, 2010, the United States Patent and Trademark Office ("USPTO") issued the '389 Patent, entitled "Method and system for an extended range Ethernet line code using 4B/3B mapping." A true and correct copy of the '389 Patent is attached as Exhibit 1.

30. On May 3, 2011, the USPTO issued the '778 Patent, entitled "Method and system for 10GBASE-T start-up." A true and correct copy of the '778 Patent is attached here as Exhibit 2.

31. On September 15, 2015, the USPTO issued the '672 Patent, entitled "Method and system for coexistence between 20 MHz and 40 MHz overlapping basic service sets (OBSS) in wireless local area networks." A true and correct copy of the '672 Patent is attached as Exhibit 3.

32. Avago is the record owner of each of the patents-in-suit.

**COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,835,389**

33. BMW AG realleges, and incorporates fully herein, each preceding paragraph.

34. Defendants contend, based on information and belief, that BMW AG's vehicles implementing the 100BASE-T1 standard, such as the BMW 3 Series G20, the BMW M3 Type G80, the MINI Countryman Type U25, the 2025 BMW 1 Series F70, the 2025 BMW 4 Series, the 2025 BMW 3 Series, and the 2025 BMW X3, infringe at least claim 1 of the '389 Patent.

35. The '389 Patent includes claim 1, which recites:

| Claim Language |
| --- |
| A method for wired communication, the method comprising: |

| Claim Language |
|---|
| converting Ethernet media independent interface (MII) data in a local physical layer device from a 4-bit packet stream to one or more data packet portions of one or more ternary bit streams; |
| mapping 3-bit binary IDLE patterns to one or more IDLE portions of said one or more ternary bit streams, |
| wherein 3-bit binary IDLE patterns having a least significant bit of zero are mapped to a non-zero value of said one or more ternary bit streams, |
| and 3-bit binary IDLE patterns having a non-zero least significant bit are mapped to a zero value of said one or more ternary bit streams; and |
| communicating said one or more ternary bit streams to a remote PHY over one or more twisted pairs. |

36. Claim 1 of the ’389 Patent and claim 1 of this patent’s European counterpart patent have the same limitations. Again, Avago has sued BMW AG in Germany for infringement of this European counterpart. Claim 1 of the ’389 Patent and claim 1 of this European counterpart patent both concern a “method for wired communication.” Both claims require “converting Ethernet media independent interface [MII] data in a local” physical layer device or PHY from a 4-bit stream to another stream. Both claims also require “mapping 3-bit binary IDLE patterns” by mapping “a least significant bit of zero” to “a non-zero” value of “one or more ternary bit streams” and by mapping “a non-zero least significant bit” to “a zero” value of “said one or more ternary bit streams.”

37. BMW AG’s vehicles and components thereof do not infringe at least claim 1 of the ’389 Patent. For example, BMW AG’s vehicles and components thereof do not satisfy at least the limitations of claim 1 requiring “mapping 3-bit binary IDLE patterns to one or more IDLE portions of said one or more ternary bit streams, wherein 3-bit binary IDLE patterns having a least significant bit of zero are mapped to a non-zero value of said one or more ternary bit streams, and 3-bit binary IDLE patterns having a non-zero least significant bit are mapped to a zero value of

said one or more ternary bit streams." More specifically, implementation of the relevant standard in a BMW AG product does not require that the product perform the particular mapping of 3-bit binary IDLE patterns in the way recited in claim 1 of the '389 Patent. The portions of the standard that Broadcom has relied upon do not disclose the claimed limitations.

38. BMW AG has not infringed, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, at least claim 1 of the '389 Patent because it has not engaged in any of the acts constituting patent infringement as set forth in 35 U.S.C. § 271. BMW AG does not infringe any other claim of the '389 Patent for the same or substantially similar reasons, and Defendants have not identified any materially different infringement theory for any other claim.

39. BMW AG is not aware of any employees, contractors, agents, customers, or any other entity or individual associated with BMW AG using any BMW AG vehicle or component thereof in a manner that infringes any claim of the '389 Patent, and Defendants have not identified any such use.

40. Based on the foregoing, an actual controversy has arisen and now exists between BMW AG and Defendants regarding BMW AG's alleged infringement of the '389 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57 that BMW AG, or any BMW AG vehicle or component thereof, has not infringed and does not infringe the claims of the '389 Patent.

41. A judicial determination is necessary and appropriate so that BMW AG may ascertain its rights regarding the '389 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import BMW AG's vehicles or components thereof.

## COUNT II: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,936,778

42. BMW AG realleges, and incorporates fully herein, each preceding paragraph.

43. Defendants contend, based on information and belief, that BMW AG vehicles implementing 1000Base-T1 automotive Ethernet links, such as the BMW 3 Series G20, the BMW M3 Type G80, the MINI Countryman Type U25, the 2025 BMW 1 Series F70, the 2025 BMW 4 Series, the 2025 BMW 3 Series, and the 2025 BMW X3, infringe at least claim 1 of the ’778 Patent.

44. The ’778 Patent includes claim 1, which recites:

| **Claim Language** |
|---|
| A method for setting up communication devices, the method comprising: |
| exchanging physical medium attachment (PMA) training frames periodically between link partners during a training period, |
| wherein a majority portion of each of said PMA training frames is comprised of pseudo random known sequences which are used for establishing transceiver operations for communication between said link partners, and |
| wherein said link partners are communicatively coupled via a wired Ethernet link. |

45. Again, Broadcom sent BMW AG an “infringement presentation” based on this claim of the ’778 Patent.

46. BMW AG’s vehicles and components thereof do not infringe at least claim 1 of the ’778 Patent. For example, BMW AG’s vehicles and components thereof do not satisfy at least the limitations of claim 1 requiring “exchanging physical medium attachment (PMA) training frames periodically between link partners during a training period, wherein a majority portion of each of said PMA training frames is comprised of pseudo random known sequences which are used for establishing transceiver operations for communication between said link partners.” More specifically, implementation of the relevant standard in a BMW AG product does not necessarily

require that the product exchange the particular PMA-training frame in the way recited in claim 1. The portions of the standard that Broadcom has relied upon do not disclose the claimed limitations.

47. BMW AG has not infringed, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, at least claim 1 of the ’778 Patent because it has not engaged in any of the acts constituting patent infringement as set forth in 35 U.S.C. § 271. BMW AG does not infringe any other claim of the ’778 Patent for the same or substantially similar reasons, and Defendants have not identified any materially different infringement theory for any other claim.

48. BMW AG is not aware of any employees, contractors, agents, customers, or any other entity or individual associated with BMW AG using any BMW AG vehicle or component thereof in a manner that infringes any claim of the ’778 Patent, and Defendants have not identified any such use.

49. Based on the foregoing, an actual controversy has arisen and now exists between BMW AG and Broadcom regarding BMW AG’s alleged infringement of the ’778 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57 that BMW AG, or any BMW AG vehicle or component thereof, has not infringed and does not infringe the claims of the ’778 Patent.

50. A judicial determination is necessary and appropriate so that BMW AG may ascertain its rights regarding the ’778 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import BMW AG’s vehicles or components thereof.

## COUNT III: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,137,672

51. BMW AG realleges, and incorporates fully herein, each preceding paragraph.

52. Defendants contend, based on information and belief, that BMW AG vehicles implementing a Wi-Fi standard, such as the BMW 5 Series, infringe at least claim 1 of the ’672 Patent.

53. The ’672 Patent includes claim 1, which recites:

| Claim Language |
|---|
| A method for communicating data, the method comprising: |
| receiving an information frame via a wireless communication medium at a receiving device, |
| which is associated with a wireless network device group, |
| wherein said information frame is transmitted by a transmitting device, |
| which is associated with a different wireless network device group; |
| determining whether said received information frame comprises capabilities information for said transmitting device; and |
| reconfiguring said receiving device to restrict RF channel bandwidth utilized for transmitting and/or receiving signals via said wireless communication medium based on an absence of said capabilities information within said received information frame. |

54. Claim 1 of the ’672 Patent and claim 1 of this patent’s European counterpart patent have the same limitations. Again, Avago has sued BMW AG in Germany for infringement of this European counterpart. Claim 1 of the ’672 Patent and claim 1 of this European counterpart patent both concern a “method for communicating data.” Both claims require “receiving ... an information frame via a wireless communication medium at a receiving device, which is associated with a wireless network device group, wherein said information frame is transmitted by a transmitting device, which is associated with a different wireless network device group,” “determining ... whether [the received] information frame comprises capabilities information for said transmitting device,” and “reconfiguring ... said receiving device to restrict RF channel bandwidth utilized for transmitting and/or receiving signals via said wireless communication medium based on an absence of said capabilities information within said received information frame.”

55. BMW AG's vehicles and components thereof do not infringe at least claim 1 of the '672 Patent. For example, BMW AG's vehicles and components thereof do not satisfy at least the limitations of claim 1 requiring "reconfiguring ... said receiving device to restrict RF channel bandwidth utilized for transmitting and/or receiving signals via said wireless communication medium based on an absence of said capabilities information within said received information frame." More specifically, implementation of the relevant standard in a BMW AG product does not necessarily require that the BMW AG product reconfigures RF channel bandwidth based on the absence of capabilities information within a received information frame in the way recited in claim 1 of the '672 Patent. The portions of the standard that Broadcom has relied upon do not disclose the claimed limitations.

56. BMW AG has not infringed, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, at least claim 1 of the '672 Patent because it has not engaged in any of the acts constituting patent infringement as set forth in 35 U.S.C. § 271. BMW AG does not infringe any other claim of the '672 Patent for the same or substantially similar reasons, and Defendants have not identified any materially different infringement theory for any other claim.

57. BMW AG is not aware of any employees, contractors, agents, customers, or any other entity or individual associated with BMW AG using any BMW AG vehicle or component thereof in a manner that infringes any claim of the '672 Patent, and Defendants have not identified any such use.

58. Based on the foregoing, an actual controversy has arisen and now exists between BMW AG and Defendants regarding BMW AG's alleged infringement of the '672 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ.

P. 57 that BMW AG, or any BMW AG vehicle or component thereof, has not infringed and does not infringe the claims of the ’672 Patent.

59. A judicial determination is necessary and appropriate so that BMW AG may ascertain its rights regarding the ’672 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import BMW AG’s vehicles or components thereof.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BMW AG demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff BMW AG prays for the following judgment and relief against Defendants BI and Avago:

A. a declaration that BMW AG, its vehicles and components thereof, and its customers, importers, and suppliers do not infringe, and have not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any enforceable claim of the patents-in-suit;

B. judgment in BMW AG’s favor and against Defendants on BMW AG’s claims;

C. a permanent injunction restraining Defendants, and their respective officers, agents, servants, employees, attorneys, and any other persons acting on their behalf or in concert with them, from asserting the patents-in-suit under any subsection of 35 U.S.C. § 271 against BMW AG, BMW AG vehicles or components thereof, or BMW AG’s customers, importers, or suppliers based on BMW AG vehicles or components thereof;

D. a finding under 35 U.S.C. § 285 that Defendants’ continued attempts to threaten BMW AG and to enforce the patents-in-suit renders this case exceptional;

E. an award to BMW AG of its reasonable attorneys' fees, costs, and all interest under 35 U.S.C. § 285 as an exceptional case or on any other applicable basis; and

F. any further relief as the Court deems just and proper.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue (VA Bar No. 49005)
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
Telephone: (571) 203-2750
Facsimile: (202) 408-4400

Timothy J. May (admission to be filed)
timothy.may@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
Telephone: (202) 408-4447
Facsimile: (202) 408-4400

Matthew C. Berntsen (MA Bar No. 678533)
matthew.berntsen@finnegan.com
Guanshi Li (MA Bar No. 715386)
guanshi.li@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Seaport Lane
Sixth Floor
Boston, MA 02210-2001
Telephone: (617) 646-1618
Facsimile: (617) 646-1666

*Attorneys for Plaintiff*
*Bayerische Motoren Werke Aktiengesellschaft*